UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL KIRK THOMAS BROOKS<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN FENDER., et al.,<br><br>Defendant. | Case No. 2:24-cv-01185-CDS-EJY<br><br>**REPORT AND RECOMMENDATION** |

Presently before the Court is Plaintiff Michael Brooks' Application to Proceed *In Forma Pauperis* ("IFP") and Civil Rights Complaint by an Inmate. ECF Nos. 1-1, 4.

**I.     *In Forma Pauperis* Application**

Plaintiff submitted a complete application with all information required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. However, as discussed below, Plaintiff brings claims against Defendants who are immune from suit, who cannot be sued under 42 U.S.C. § 1983, or cannot be sued in a *Bivens* action. Because, the Court recommends dismissing Plaintiff's Complaint, it also recommends dismissing his *in forma pauperis* application.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them

"if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.    Review of Plaintiff's Complaint

Plaintiff's Complaint initially identifies five Defendants including District Attorney Steve Wolfson, Assistant District Attorneys John T. Jones, Jr. and Aaron M. Nance, Clark County Public Defender Jennifer A. Smith, and Eighth Judicial District Court Judge Kathleen E. Delaney. Plaintiff states he entered a guilty plea to the charge of Possession of a Firearm by a Prohibited Person, which included a stipulation that there would be no referral to the federal system related to firearm charges. Plaintiff says the guilty plea agreement was violated when the District Attorney referred his case to federal prosecutors after which he served six months in federal custody. Plaintiff contends an arrest warrant was issued by the Clark County District Attorney upon his release from federal custody despite agreement to dismiss the (unidentified) charge.

Plaintiff alleges the five Defendants identified above violated his Fourth Amendment rights, adding the U.S. Attorney for Nevada, Assistant U.S. Attorneys, and Assistant Federal Public Defenders, when they failed to address a breach of the guilty plea agreement into which Plaintiff entered in his state court proceedings. Plaintiff further alleges his Public Defender Jennifer Smith violated his Fourteenth Amendment rights because she knew what the plea agreement said but told him it was a "play on words." Plaintiff seeks $72 million dollars in damages for the harms alleged.

2

A. <u>Judge Delaney, the Clark County District Attorney and Assistant District Attorney, and the U.S. Attorney and Assistant U.S. Attorney are Immune from Suit.</u>[1]

    *i.    Judge Delaney.*

Judge Delaney is immune from suit. The Ninth Circuit states: "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner,* 474 U.S. 193 (1985) (quoting *Bradley v. Fisher,* 80 U.S. 335, 347 (1872)). The exception to this rule arises when a judge acts in the "clear absence of all jurisdiction," *Bradley,* 80 U.S. at 351, or performs an act that is not "judicial" in nature. *Stump v. Sparkman,* 435 U.S. 349, 360 (1978). All acts allegedly taken by Judge Delaney relate to Plaintiff's plea agreement. Moreover, even if there was some grave procedural error or act in excess of judicial authority, this would not deprive Judge Delaney of immunity. *Stump*, 435 U.S. at 355-57. As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir. 1986).

Here, The Court finds Plaintiff alleges nothing suggesting Judge Delaney acted outside of her role as a judge or the jurisdiction granted to her in that capacity. ECF No. 1-1 at 2-3. Thus, the Court finds Plaintiff's claims against Judge Delaney fail as a matter of law.

---

[1] To the extent any claim asserted by Plaintiff arising from his alleged plea agreement challenges his current incarceration, this claim is barred because habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks release. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) *citing Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Plaintiff "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489.
    If Plaintiff is no longer incarcerated as a result of the alleged breach of the plea agreement, Plaintiff may bring his claim as a breach of contract claim in state court. *Bonham v. Bear*, Case No. 2:17-cv-2460-JCM-VCF, 2018 WL 4088006, at *2 n.1 (D. Nev. Aug. 27, 2018) ("Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007). A claim for breach of a plea agreement is a state law claim for breach of contract and therefore is not cognizable under § 1983. *Tomel v. Ross*, No. CIV.09-00489 SOM-LEK, 2009 WL 3824742, at *6 (D. Haw. Nov. 16, 2009)"); *Theriot v. Pierce County Government Officers*, Case No. C10–5696 RBL/KLS, 2011 WL 766197, at *3 (W.D. Wash. Feb. 7, 2011) (the court found Plaintiff's claim regarding the prosecutor's breach of promise "that there would be no record of a sex related crime when Plaintiff agreed to plead guilty to the assault charge only" was not cognizable under § 1983, but was a state law breach of contract claim).

          *ii.*       *The County D.A. and Assistant D.A.*

Prosecutors performing official prosecutorial functions are entitled to absolute immunity against constitutional torts. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009). Prosecutorial immunity extends to actions during both the pre-trial and post-trial phase of a case. *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984). Prosecutorial immunity also extends to the process of plea bargaining. *Briley v. California*, 564 F.2d 849, 856 (9th Cir. 1977). The "touchstone" of prosecutorial immunity is "whether the attorney's actions are 'intimately' or 'closely' associated with the judicial process." *Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991).

Plaintiff's allegations relate entirely to a plea agreement and subsequent referral of charges by the District Attorney's Office to the U.S. Attorney for prosecution. As such, Plaintiff asserts no facts evidencing any conduct by the Clark County District Attorney or any Assistant District Attorneys that falls outside the judicial process. The Court finds Plaintiff's claims against District Attorney Wolfson and Assistant District Attorneys John T. Jones, Jr. and Aaron M. Nance fail as a matter of law.

          *iii.*       *The U.S. Attorney and Assistant U.S. Attorneys.*

Jason Frierson (the U.S. Attorney for the District of Nevada) and the Assistant U.S. Attorneys named by Plaintiff are also immune from suit. *Graham v. United States*, Case No. CV 94-1973 KN (Ex), 1994 WL 750666, at *3 (C.D. Cal. Aug. 23, 1994) ("As counsel for the government, the United States Attorney is … immune from suit based on the absolute immunity of attorneys for the government with respect to their official conduct representing the government in litigation.").

Plaintiff alleges he was prosecuted for an unidentified crime in federal court. ECF No. 1-1 at 3. Prosecution for an alleged violation of a federal crime is conduct that falls within the official duties of the United States Attorney and his/her assistant attorneys. *Fry*, 939 F.2d at 837. Thus, Plaintiff's claims against Jason Frierson and Assistant U.S. Attorneys fail as a matter of law and must be dismissed.

    B.    <u>Plaintiff's Claims Against His Public Defenders Fail Under Section 1983 and *Bivens*</u>.

Criminal defense attorneys, including county public defenders, are considered private parties who do not act under color of state law. *Polk County v. Dodson,* 454 U.S. 312, 317-18 (1981); *West*

*v. Atkins,* 487 U.S. 42 (1988) (when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of Section 1983 because he/she is not acting on behalf of the state, but as the state's adversary).  Federal public defenders (such as Ms. Ojeda and Ms. Kebede whom Plaintiff mentions on page 3 of his Complaint) are not state actors, but also are not liable under the federal analogue to § 1983—*Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)—because federal public defenders do not act under color of federal law, an essential element of a *Bivens* claim, when performing traditional functions of a criminal defense lawyer, such as the preparation, investigation, and representation that was allegedly in a federal criminal proceeding.  *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (citing analogous holding in *Polk County*, 454 U.S. at 318-19).

The above well established law leads the Court to find Plaintiff's claims cannot proceed against his state or federal public defenders and, for this reason, these claims must be dismissed.

## IV.   RECOMMENDATION

Accordingly, IT IS RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed without prejudice because each and all of the Defendants he names is either immune from suit or not subject to suit under 42 U.S.C. § 1983 or *Bivens*.  The dismissal without prejudice allows Plaintiff to pursue a breach of contract (plea bargain) claim in state court or to challenge the alleged breach of plea agreement through a habeas petition if Plaintiff remains incarcerated as a result of the alleged breach.

IT IS FURTHER RECOMMENDED that Plaintiff's Application to Proceed *in forma pauperis* be denied without prejudice so that he may seek this same status in state court or in a habeas proceedings.

Dated this 23rd day of August, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

# NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).